United States District Court
Southern District of Texas
**ENTERED**
December 07, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IGNACIO BERNAL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-03436 |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| F/K/A THE BANK OF NEW YORK AS | § | |
| TRUSTEE FOR THE BENEFIT OF THE | § | |
| CERTIFICATE HOLDERS OF THE CWABS, | § | |
| INC., ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2004-1, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Pending before the Court is the defendant's, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-1 (the "defendant"), motion for summary judgment. (Dkt. No. 12). The plaintiffs, Ignacio Bernal and Rebecca Bernal (the "plaintiffs"), have failed to file a response in opposition to the defendant's motion for summary judgment and the time for doing so has long expired. Accordingly, pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, the record and the applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

### II.    FACTUAL BACKGROUND

This case concerns the plaintiffs' challenge to the November 5, 2014 foreclosure sale of the real property located at 4329 Tonawanda Drive, Houston, Harris County, Texas 77035. On

or about October 9, 2003, the plaintiffs executed a Texas Home Equity Note (Fixed Rate - First Lien) (the "Note") payable to Full Spectrum Lending, Inc. ("Full Spectrum) in the amount of $187,500.00.   (Dkt. No. 12, Ex. 1A).   Simultaneously with the execution of the Note, the plaintiffs executed a Texas Home Equity Security Instrument (the "Security Instrument") encumbering the real property located at 4329 Tonawanda Drive, Houston, Harris County, Texas 77035   (the "Property").   (*Id.*, Ex. 1B).   Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary under the Security Instrument, is designated as a nominee for Full Spectrum, its successors, and assigns.  (*Id.*).  On or about July 28, 2011, MERS, as nominee for Full Spectrum, assigned its rights and interest under the Security Instrument to the defendant. (Dkt. No. 12, Ex. 1C).  The Assignment was recorded on August 18, 2011, in the real property records of Harris County, Texas as Doc. No. 20110346269.  (*Id.*).  The defendant is the current owner, holder and record assignee of the Note and Security Instrument.  (*Id.*).  Select Portfolio Servicing, Inc. ("SPS") is the current mortgage servicer and attorney-in-fact for the defendant with regard to the subject loan.  (*Id.*, Ex. 1G).

The plaintiffs do not dispute that they have defaulted on their obligations under the Note and Security Instrument and have made no payments on the loan since April 1, 2010.  The defendant, by way counsel, provided the plaintiffs with the requisite notices of default and intent to accelerate and well as with notices of acceleration.  The Property was eventually scheduled for foreclosure sale on November 5, 2014.

On November 3, 2014, the plaintiffs filed suit against the defendant in the 164th Judicial District Court of Harris County, Texas, seeking to contest foreclosure of the Property, asserting claims for negligence, fraud and injunctive relief.  The defendant timely removed the case to this

Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1]  On January 23, 2015, the defendant filed a counterclaim seeking an order authorizing foreclosure of the Property under the Security Instrument and Texas Property Code § 51.002.  The defendant now moves for a summary judgment on the plaintiffs' claims as well as its counterclaim.

## III.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  It may not

---

[1] The fair market value of the subject real property is estimated at $257,016.  (*See* Dkt. No. 1, Ex. D)

satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiffs in this case have not filed a response to the defendant's motion for summary judgment.  According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended.  S.D. Tex. L.R. 7.3.  A failure to respond is "taken as a representation of no opposition."  S.D. Tex. L.R. 7.4.  Notwithstanding the plaintiffs' failure to file a response, summary judgment may not be awarded by default.  *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule."  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279).  To this end, the defendant, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed."  *See Hetzel*, 50 F.3d at 362 n.3.  Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion.  *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).  Accordingly, this Court accepts the defendant's facts and evidence as undisputed.

## IV.    ANALYSIS AND DISCUSSION

### A.    The Plaintiffs' Tort Claims Generally:  Negligence and Fraud Claims

With regard to their negligence claim, the plaintiffs assert that the defendant "negligently handled [their] loan account . . . by providing bad information and bad documents to [them] at the inception and throughout their loan process."  (Dkt. No. 1, Ex. C-1, ¶¶ 21 - 22).  They assert virtually identical allegations in support of their fraud claim.  (*Id.* at ¶ 19).  The defendant moves for a summary judgment on the plaintiffs' negligence and fraud claims, arguing that: (1) such claims are barred by the economic loss doctrine because the plaintiffs have stated no claim nor

put forth any evidence of an economic loss unrelated to the subject of the parties' contracts; and (2) such claims are precluded by the statute of frauds to the extent that the plaintiffs are relying on any oral representations of any kind relative to such contracts.  This Court agrees.

Texas law disfavors contorting breach of contract claims into tort claims.  *Quintanilla v. K-Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998) (internal citation omitted); *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort") (internal citations omitted).  The "economic loss rule" provides that "mere nonfeasance under a contract creates liability only for breach of contract" and "tort damages are generally not recoverable unless the plaintiff suffers an injury that is independent and separate from the economic losses recoverable under a breach of contract claim."  *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. H-09-3828, 2010 WL 1996596, at *7 (S.D. Tex. May 17, 2010) (quoting *Crawford v. Ace Sign, Inc.,* 917 S.W.2d 12, 13 (Tex. 1996) (other citations omitted)).  "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider:  1) whether the claim is for breach of a duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself."  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 763 (N.D. Tex. 2012) (citations and internal quotation marks omitted).

The plaintiffs' negligence[2] and fraud[3] claims fail as a matter of law pursuant to the economic loss doctrine because the sole potential basis for the defendant's liability to the plaintiffs is contractual in nature pursuant to the terms of the Note and Security Instrument.   In this case, the plaintiffs' tort claims are based on their allegations that the defendant negligently handled their loan account and/or allegedly supplied them with bad or false information/documents throughout their loan process.   (*See* Dkt. No. 1, Ex. C-1).   These tort claims flow solely from the Note and Security Instrument because they would not exist but for the parties' contractual relationship.   More specifically, any harm that the plaintiffs allegedly suffered would be based on the defendant's purported failure to act pursuant to the terms of the parties' "contracts," *i.e.*, the Note and Security Instrument.   Therefore, the defendant is entitled to a summary judgment on the plaintiffs' negligence and fraud claims because the plaintiffs have

---

[2] "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Haliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columb. Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)).   "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04–CV–086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.-Corpus Christi 2005, pet. denied)).   "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted).   Accordingly, there is no duty of care that would support a claim of negligence by the plaintiffs against the defendant because any duty to act in good faith is solely premised upon the Note and Security Instrument.

[3] "To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff[s] to act upon the representation; (4) the plaintiff[s] actually and justifiably relied upon the representation; and (5) the plaintiff[s] thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)).   Further, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate 'the 'who, what, when, where, and how' of the alleged fraud.'"   *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2005) (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).   Here, the plaintiffs' fraud claim also fails for lack of specificity.   Indeed, the plaintiffs have not only failed to plead the "time, place, and contents of the false representations" but they have also failed to provide the identity of the individuals making these misrepresentations or supplying the bad information. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.")).

not alleged an economic loss beyond the subject matter of the parties' contracts. *See Owens v. Bank of America, NA*, No. H–11–2552, 2012 WL 912721, at *4 (S.D. Tex. March 16, 2012) (dismissing negligence claim because "the sole potential basis for the defendant's liability is contractual in nature by the terms of the Note and Deed of Trust"); *see also Rivers v. Wells Fargo Home Mortg.*, No. H-12-2616, 2013 WL 1389977, at *3 & n.1 (S.D. Tex. Apr. 4, 2013) (reasoning that the economic loss rule bars the plaintiff's fraud claim to the extent the plaintiff seeks to recover damages relative to the contract benefit or any injunction to prevent foreclosure).

Moreover, to the extent that the plaintiffs' tort claims are premised on any oral representations that might have been made by the defendant and/or one of its representatives concerning the plaintiffs' loan agreement and/or any modifications thereof, such claims are precluded by the statute of frauds, as the plaintiffs here are parties to a loan agreement that is subject to the statute of frauds.   Under Texas law, a loan agreement that exceeds $50,000 is unenforceable unless it is in writing and signed by the party against whom enforcement is sought).   *See* Tex. Bus. & Comm. Code § 26.02(b).   Likewise, any oral modification that encompasses or relates to the parties' original loan agreement is unenforceable unless it is also in writing and signed by the party against whom enforcement is sought. *See Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)).   The term "loan agreement" is defined broadly include "one or more promises, promissory notes, agreements, undertakings . . . pursuant to which a financial institution . . . agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Tex. Bus. & Com. Code § 26.02(a)(2).   "[A] plaintiff [is precluded from] recover[ing] damages in tort for

claims arising out of an unenforceable contract under the statute of frauds." *Hugh Symons Grp., PLC v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001)).

**B.    The Defendant's Counterclaim for an Order Authorizing Foreclosure**

The defendant also maintains that it is entitled to an order and/or declaration from this Court that it is authorized to foreclose on the Property under the Security Instrument and Texas Property Code § 51.002.   The Texas Constitution requires a party to secure a court order to foreclose on a lien created by a home equity loan.   *See* Tex. Const. art. XVI, § 50(a)(6)(D). Pursuant to Rule 735(2) of the Texas Rules of Civil Procedure, a party seeking to foreclose a lien created by a home equity loan may do so by, *inter alia*, filing "a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Texas Property Code § 51.002."   Tex. R. Civ. P. 735(2).   Section 51.002 of the Texas Property Code expressly permits the sale of real property pursuant to a deed of trust or other security instrument containing a power of sale provided that the party seeking to foreclose establishes that:  (1) a debt exists; (2) the debt is secured by a lien created under Tex. Const. art. XVI, § 50(a)(6); (3) the plaintiffs have defaulted under the note and security instrument; and (4) notice(s) of default and acceleration have been provided to the plaintiffs.   *See Huston v. U.S. Bank Nat'l Assoc.*, 988 F. Supp.2d 732, 740 (S.D. Tex. Dec. 19, 2013) (citing Tex. Prop. Code § 51.002).

In support of its counterclaim, the defendant has attached, as an exhibit to its motion for summary judgment, a copy of the security instrument encumbering the Property, which expressly provides, "THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION."  (Dkt.

No. 12, Ex. 1B.).   The Security Instrument, as authenticated, establishes a first lien on the Property, includes the legal description and mailing address of the Property, and authorizes foreclosure upon an occurrence of default.   (*Id.*, Ex. 1B)   Additionally, the defendant has provided uncontroverted summary judgment evidence establishing that:   (1) the plaintiffs obtained a home equity loan in favor of Full Spectrum granting Full Spectrum a security interest in the Property; (2) MERS, as the beneficiary under the Security Instrument, is designated as a nominee for Full Spectrum, its successors, and assigns; (3) MERS, as nominee for Full Spectrum, assigned its rights and interest under the Security Instrument to the defendant; (4) the defendant is the current owner, holder and record assignee of the Note and Security Instrument; (5) SPS is the current mortgage servicer and attorney-in-fact for the defendant with regard to the subject loan; (6) the plaintiffs do not dispute that they have defaulted on their obligations under the Note and Security Instrument and have made no payments on the loan since April 1, 2010; (7) the defendant, by way counsel, provided the plaintiffs with the requisite notices of default as well as with notices of acceleration; and (8) the terms of the Note and Security Instrument authorize the defendant to foreclose on the Property under the circumstances presented in this case.   (*See* Dkt. No. 12, Ex. Nos. 1 – 1G).   Based on the evidence presented, the Court concludes that the defendant is entitled to an order authorizing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.   *See Thomas v. Ocwen Loan Servicing, LLC*, Civ. Action No. 3:12–CV–447–L, 2013 WL 30653, at *5 (N.D. Tex. Jan. 3, 2013) (granting summary judgment on counterclaim for order authorizing foreclosure on analogous facts).

### C.       The Plaintiffs' Claim for Injunctive Relief

The plaintiffs' claim for injunctive relief also fails as a matter of law.  Under Texas law, a request for injunctive relief is fatally flawed and fails to state a claim for relief in the absence of an underlying viable cause of action supporting the entry of a judgment.  *See Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *11 (N.D. Tex. July 9, 2013).  Because the plaintiffs' substantive causes of action fail, the defendant is entitled to judgment as a matter of law on the plaintiffs' claim for injunctive relief.

## V.       CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment on the plaintiffs' negligence, fraud and injunctive relief claims is **GRANTED**.  The plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

Moreover, the Court concludes that the defendant has satisfied its burden with regard to its counterclaim for an order authorizing foreclosure of the Property pursuant to the Security Instrument and Texas Property Code § 51.002.  Accordingly, the defendant's motion for summary judgment on its counterclaim for judicial foreclosure is **GRANTED**.  It is **ORDERED** that the defendant is hereby authorized to proceed with foreclosure of the Property located at 4329 Tonawanda Drive, Houston, Texas 77035, as more particularly described in Doc. No. X127669 of the real property records of Harris County, Texas as follows:  LOT 502, BLOCK 24 OF WILLOW BEND, SECTION 4, A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 44 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.  (Dkt. No. 12, Ex. 1B).  The defendant is authorized to conduct a non-judicial foreclosure sale of the Property in accordance with the terms and conditions of the Note, Security Instrument and Texas Property Code § 51.002.

It is further **ORDERED** that a copy of this Memorandum Opinion and Order, together with notice of the date, time and place of the foreclosure sale shall be provided to the plaintiffs' and their counsel by certified mail.

Finally, the defendant is **ORDERED** to file a certified copy of this Memorandum Opinion and Order and corresponding Judgment in the real property records of the county where the property is located within ten (10) day after entry of this order.  The failure to timely record this Memorandum Opinion and Order and the corresponding Judgment, however, shall not affect the validity of any foreclosure.

This Court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

SIGNED on this 7th day of December, 2015.

_____
Kenneth M. Hoyt
United States District Judge